UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DWAYNE TERRELL JONES**<br>      **LA. DOC # 400077**<br>**VS.** | **CIVIL ACTION NO. 3:12-cv-3029**<br><br>**SECTION P**<br><br>**JUDGE JAMES T. TRIMBLE, JR.** |
| **LaSALLE MGMT. CO., ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Dwayne Terrell Jones, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 4, 2012. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections. He is incarcerated at the Claiborne Parish Detention Center; however, when he filed his complaint he was incarcerated at the Jackson Parish Corrections Center (JPCC), Jonesboro, Louisiana.  He complains that the liquid diet ordered by a physician was discontinued by Nurse Freedman. He sued Warden Tigner, the LaSalle Mgmt. Co., and Nurse Laura Freedman seeking compensatory damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

### *Background*

In October 2012, plaintiff was admitted to the E.A. Conway Hospital prison ward because he had a low heart rate and high blood pressure caused by "food deprivation."  His treating physicians ordered a liquid diet because plaintiff was unable to swallow. On some unspecified

date he was returned to JPCC with instructions to keep him on a liquid diet. He remained on that diet for a period of three weeks when Nurse Freeman "...decided that she should terminate the diet." Plaintiff submitted grievances but they were ignored by the shift supervisors and the Warden.

Plaintiff complained that he lost 15 lbs.; his blood pressure rose; and he began to suffer dizzy spells. He experienced these symptoms between August – December 2012. According to plaintiff, "Nurse Freeman did not enlighten me on the facts of how long the diet was for ... [but] Nurse Freedman spitefully discontinued that diet..." resulting in the unspecified deterioration of plaintiff's health.

## Law and Analysis

### 1. Screening

When an individual is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint, and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C.§1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a

constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's complaint, while short on factual support, adequately sets forth his claim for relief; further amendment is not necessary.

### 2. Supervisory Defendants

Plaintiff has sued the LaSalle Management Co., and JPCC Warden Tigner . With regard

to his claims against the Warden, plaintiff is advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983).

Likewise, plaintiff has sued the LaSalle Managment Co., ostensibly the corporate entity that manages the JPCC.  It likewise appears that plaintiff seeks to hold this entity liable under 42 U.S.C. § 1983 for the acts or omissions of its employees. However, just as a municipal corporation is not vicariously liable for the constitutional torts of its employees, a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights. *See Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 461 (5th Cir.2003), where the Fifth Circuit extended municipal corporate liability under § 1983 to include private prison-management corporations and their employees. Plaintiff's complaint is devoid of any allegations that an official policy or custom  was the "moving force" behind their employee's alleged deprivation of his civil rights.

Plaintiff fails to state a claim for which relief may be granted against Warden Tigner and LaSalle Management.

*3. Medical Care*

The gravamen of plaintiff's complaint is that defendant Nurse Laura Freedman discontinued the liquid diet ordered by plaintiff's physician.  During the period in question, plaintiff was an inmate in the custody of the LDOC. The constitutional right of a convicted prisoner to safe conditions of confinement and prompt and adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. Rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm which results in injury. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm.  Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Thus, in order to establish an actionable constitutional violation a plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted). Plaintiff's pleadings fall far short of alleging facts sufficient to establish deliberate indifference on the part of any of the defendants identified in his pleadings. Plaintiff faults Nurse Freedman for prematurely discontinuing the physician ordered liquid diet; however, he admits that he does not know the duration originally ordered by his physician.

Indeed, his claim that Nurse Freedman "spitefully discontinued that diet" is conclusory and is not supported by factual allegations.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, May 9, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE